# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2022

Lyle W. Cayce
Clerk

No. 22-30458

STATE OF LOUISIANA; LOUISIANA STATE RACING
COMMISSION; LOUISIANA HORSEMEN'S BENEVOLENT &
PROTECTIVE ASSOCIATION 1993 INCORPORATED; LOUISIANA
THOROUGHBRED BREEDERS ASSOCIATION; JOCKEYS GUILD
INCORPORATED; STATE OF WEST VIRGINIA; WEST VIRGINIA
RACING COMMISSION; BERNARD K. CHATTERS; EDWARD J.
FENASCI; LARRY FINDLEY, SR.; WARREN HARANG, III; GERARD
MELANCON

*Plaintiffs—Appellees*,

*versus*

HORSERACING INTEGRITY AND SAFETY AUTHORITY,
INCORPORATED; LISA LAZARUS; STEVE BESHEAR; ADOLPHO
BIRCH; LEONARD S. COLEMAN, JR.; JOSEPH DE FRANCIS;
ELLEN MCCLAIN; SUSAN STOVER; BILL THOMASON; D.G. VAN
CLIEF; FEDERAL TRADE COMMISSION; LINA M. KHAM;
ALVARO BEDOYA; REBECCA KELLY SLAUGHTER; CHRISTINE S.
WILSON

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:22-CV-1934

Before KING, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

The states of Louisiana and West Virginia, joined by various horseracing organizations and other individuals (collectively, "plaintiffs"), sued under the Administrative Procedure Act to enjoin rules approved by the Federal Trade Commission ("FTC") pursuant to the Horseracing Integrity and Safety Act ("HISA").[1] Agreeing with the plaintiffs, the district court enjoined the rules and the defendants timely appealed. On August 3, 2022, our court granted a partial stay pending resolution of the appeal.[2]

In a separate case decided today, our court has ruled that HISA is facially unconstitutional under the private non-delegation doctrine. *See National Horsemen's Benevolent and Protective Association v. Black* [*National Horsemen's*], No. 22-10387, slip op. at 3–4 (5th Cir. Nov. 18, 2022). Accordingly, we REMAND this case to the district court for further proceedings in light of *National Horsemen's*. The partial stay is LIFTED.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Pub. L. No. 116–260, §§ 1201–12, 134 Stat. 1182, 3252–75 (2020) (codified at 15 U.S.C. §§ 3051–60).

[2] The stay suspended the injunction to the extent the district court found the rules generally violated the APA's notice-and-comment requirements. The stay left the injunction in place, however, as to three specific rules that the district court found exceeded the FTC's authority under HISA.